### SPAHN et al. v. THE WINTER GARDEN.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

MASTER AND SERVANT (§ 6*)—TERM OF EMPLOYMENT—EVIDENCE.

Testimony in an action for wrongful discharge of an employé that the "season" for which he was employed, commencing at a certain time, would not close till June 29th, and that it ended about the middle of May, justified a finding that it continued till at least the middle of May, so that the complaint should not have been dismissed on the ground of lack of proof of the term of employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Leslie Spahn and another, partners in the name of the Cora Youngblood Corsen Sextette, against the Winter Garden. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

O'Brien & Malevinsky, of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellants.

William Klein, of New York City (Adolph Freyer, of New York City, of counsel), for respondent.

PER CURIAM. The complaint alleged the employment of the appellants, "trading in the name of Cora Youngblood Corsen Sextette," for a period beginning March 4, 1912, "for the rest of the theatrical season of 1911–1912," at a salary of $250 a week; that the plaintiffs served from March 4th to and including March 9th, and were willing to perform thereafter, but that on the latter day they were wrongfully discharged without notice. The complaint further alleges that, by custom of the theatrical profession, contracts for the employment of professional services may be rescinded by either party on two weeks' notice. Spahn testified to a conversation with defendant's manager on March 2d. The testimony is all in the first singular person, and no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

reference whatever is made to any association by the witness with Corsen, who is named as one of the plaintiffs, and who, together with Spahn, constituted the copartnership, nor is there any mention of the copartnership; but Spahn's testimony was sufficient to show an employment at $250 per week, beginning with March 4th. Concerning the period, he testified unqualifiedly that it was for the "season." His testimony also showed service for a certain period, but exactly for what period is uncertain from the record. It does not appear clearly that he was ever discharged, but the record shows that defendant conceded giving him a written "notice" on Thursday, March 14th, and apparently the service continued through the week beginning March 11th, although the complaint alleges the discharge occurred on Saturday, March 9th.

The record is in such faulty shape that the facts rest largely upon inferences. It may be claimed that it fairly shows an employment, the rate thereof, the discharge, and that the term was for the "season." At the conclusion of Spahn's testimony, plaintiff rested, whereupon defendant moved to dismiss the complaint, because there was no proof as to "what the season is," therefore that the term of the employment was indefinite. Leave having been given plaintiffs to open the case, one Sharp was called as a witness, who testified that the "present season * * * opened up March 5th," was "still running," and would not close until a "week from Saturday night," which would be June 29th. He further testified that there was "a spring, summer, autumn, and winter season," that the Garden was open practically continuously, and that between seasons the place would be closed for a short period. He also testified that the month of March was in the *spring season,* which ended "about middle of May." At the conclusion of Sharp's testimony, the motion to dismiss was renewed, and was granted.

There is nothing to show that the motion was either made or granted upon any other ground than that stated as the ground of the motion when first made; that is, for lack of proof as to the period of the "season." The record shows no objection taken to the failure to prove a copartnership, and the only ground upon which the respondent argues in support of the judgment is because of the indefiniteness of the proof as to the term of employment. We think the evidence would have justified the court in holding that the season for which plaintiff was employed continued until at least "the middle of May," and that the complaint should not have been dismissed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.